IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

La'Monn Harris,

               Plaintiff,             Case No.:1:15-cv-114

v.                                 Judge Wilson
                                 JURY DEMAND

The City of Lewisburg, Tennessee, and
Buck Beard

               Defendants.

_____/

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS[1]

       COME NOW Plaintiff La'Monn Harris and submits the following joint proposed jury

instructions.

                                    Respectfully submitted,
                                      COLLINS & HUNTER, PLLC

                                    */s Heather Moore Collins*
                                    Heather Moore Collins BPR # 026099
                                    Anne Hunter Williams BPR # 022407
                                    Paige M. Lyle BPR# 032959
                                    Collins & Hunter PLLC
                                    7000 Executive Center Dr., Suite 320
                                    Brentwood, TN 37027
                                    615-724-1996
                                    615-691-7019 FAX
                                    heather@collinshunter.com
                                    anne@collinshunter.com
                                    paige@collinshunter.com

                                    *Attorneys for Plaintiff*

---

[1] Plaintiff circulated this document to Defendant on Monday 7/31/17. Defendant did not have revisions by the time of filing and indicated they would file a separate document.

# I.     Standard of Proof

The Plaintiff has the burden of proof in this case. The party who has the burden of proof must carry that burden by a preponderance of the evidence. This means, simply, the greater weight of the evidence. It may be helpful to envision a set of balancing scales. After considering all the proof on a particular element of the Plaintiff's case, the scales must be tipped in favor of the Plaintiff on that issue, be it ever so slightly, for the Plaintiff to prevail on that issue.  If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the Plaintiff does not prevail on that issue.

A preponderance of the evidence means such evidence that when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.  Mere speculation or mere possibility is not sufficient to support a judgment in Plaintiff's favor.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you should consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.[2]

---

[2] **Authority:** O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil,* Vol. 3 § 104.01 (5th ed. 2000) (Modified).

## II.    Substantive Law

PROPOSED JURY INSTRUCTION NO.
INTRODUCTORY INSTRUCTION – RETALIATION

This case is brought by the Plaintiff based upon the Defendant, The City of Lewisburg's alleged retaliation against Plaintiff under Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Tennessee Human Rights Act (THRA), the Tennessee Public Employee Political Freedom Act, Tenn. Code Ann. § 8-50-601 *et seq.* ("PEPFA"), the First Amendment, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") and failure to accommodate claims under the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA")*,* as amended by the ADA Amendments Act of 2008 ("ADAAA").

These laws prohibit an employer from retaliating against an employee for reporting, opposing, or complaining about any practice made unlawful by these statutes, such as discrimination and/or harassment based on race or taking medical leave.

In this case, Plaintiff contends that Defendant retaliated against him for reporting or opposing discrimination or harassment on the basis of his race and taking medical leave. The City contends that Plaintiff's reports of, or opposition to alleged discriminatory conduct were not factors in any employment decision concerning Plaintiff, including his termination, and that Plaintiff was terminated for legitimate non-discriminatory reasons.[3] Plaintiff also contends Defendant failed to accommodate him under the ADA because of its 100% healed policy.

---

[3] **Authority:** 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; Tenn. Code Ann. § 4-21-101, *et seq.*

PROPOSED JURY INSTRUCTION NO.
PEPFA RETATALIATION – NATURE OF THE CLAIM

Plaintiff has also alleged that he was retaliated against in violation of the Tennessee Public Employee Political Freedom Act ("PEPFA"). PEPFA provides that "[i]t is unlawful for any public employer to discipline, threaten to discipline or otherwise discriminate against an employee because such employee exercised that employee's right to communicate with an elected public official."[4]

---

[4] Tennessee Code Annotated § 8-50-601 *et seq*.

PROPOSED JURY INSTRUCTION NO.
BURDEN OF PROOF – PEPFA CLAIM

To prevail on his PEPFA claim against the City of Lewisburg, Plaintiff must prove the following by a preponderance of the evidence:

1.      His status as an employee of Defendant at the time of his communication and discipline;

2.      That he communicated with one or more elected public officials;

3.      That his employer disciplined, threatened to discipline, or otherwise took adverse action against him; and

4.      That the communication with an elected official was a motivating factor in the discipline, threat to discipline, or other adverse action against him.[5]

---

[5] *Heriges v. Wilson Co.*, United States District Court for the Middle District of Tennessee, Case No. 3:09-cv-362, Docket Entry 83. (All intructions related to the First Amendment Claim are from the *Heriges* case).

PROPOSED JURY INSTRUCTION NO.
FIRST AMENDMENT RETALIATION 42 U.S.C. § 1983
NATURE OF THE CLAIM

Plaintiff claims that Defendant the City of Lewisburg, while acting "under color" of state law, intentionally deprived him of his rights under the First Amendment of the U.S. Constitution. Plaintiff claims that, while acting under color of state law, Defendant discharged him from employment in retaliation for speaking on matters of public concern, including his communicating with elected public officials and other individuals about his opposition to illegal discrimination and harassment in employment.

Defendants deny violating Plaintiff's First Amendment rights in any way and assert that they discharged Plaintiff for his insubordinate behavior.[6]

---

[6] *Heriges v. Wilson Co.*, United States District Court for the Middle District of Tennessee, Case No. 3:09-cv-362, Docket Entry 83.

PROPOSED JURY INSTRUCTION NO.
FIRST AMENDMENT RIGHTS IN PUBLIC EMPLOYMENT

Under the First Amendment to the United States Constitution, every public employee has the right to freedom of speech when addressing issues of public concern. 42 U.S.C. § 1983 provides that a person may sue for an award of damages against anyone who, "under color" of any state law or custom, intentionally violates the plaintiff's rights under the U.S. Constitution.

PROPOSED JURY INSTRUCTION NO.
SPEECH AND CONDUCT PROTECTED

The First Amendment protection afforded to public employees who engage in speech activity on matters of public concern does not protect only literal speech. Rather, the protection also covers conduct or acts that are intended to communicate information.

PROPOSED JURY INSTRUCTION NO.
SPEECH ACTIVITY CONCERNING SUBJECT OF PUBLIC CONCERN

In order to prevail, Plaintiff must prove all the following facts by a preponderance of the evidence:

First: That Plaintiff engaged in protected speech activity, that is, speech relating to matters of public concern;

Second: That Plaintiff's speech activity was a substantial or motivating factor in Defendant's decision to discharge him from employment;

Third: That Defendant's actions were "under color" of the authority of state law or custom; and

Fourth: That Defendant's actions were the proximate or legal cause of damages sustained by Plaintiff.

The First Amendment protects the following speech in which Plaintiff engaged: (1) speaking to elected public officials and other members of the community individually and in public meetings about Defendant not following state and federal laws and policies, and (2) opposing or complaining about workplace retaliation that is motivated by the employee's engaging in protected speech.

The applicable law requires only that a public employer refrain from taking action against a public employee because of the employee's exercise of protected First Amendment rights.

If you find that Plaintiff has proven by a preponderance of the evidence that his protected speech activity was a factor in Defendant's decision, you must then determine whether Defendant has established by a preponderance of the evidence that they would have reached the same decision even in the absence of Plaintiff's protected conduct. If you find that the

Defendant has proven this by a preponderance of the evidence, then you must find for the Defendant.

Plaintiff is not required to produce direct proof of unlawful motive, intent, or design. A motive, intent, or design to violate a person's constitutional rights, if it exists, is seldom admitted directly and, if it exists, must be shown from the existence of other facts.

PROPOSED JURY INSTRUCTION NO.
LIABILITY OF DEFENDANT THE CITY OF LEWISBURG

Plaintiff claims that Defendant the City of Lewisburg, a municipality, is liable to him for the denial of constitutional rights. Because Defendant Beard, the Director of the Public Works Department and Randall Dunn, City Manager, were officials with final decision-making authority with respect to personnel matters such as firing Plaintiff, if you find that the acts of individual maangers deprived Plaintiff of his constitutional rights by retaliating against him for speaking on matters of public concern, Defendant, the City of Lewisburg, is liable for such deprivations.

PROPOSED JURY INSTRUCTION NO.
UNDER COLOR OF STATE LAW

In order for unlawful acts of an official to be done "under color of" any law, the unlawful acts must be done while the official is purporting or pretending to act in the performance of the official's official duties. The unlawful acts must consist of an abuse or misuse of power possessed by the official only because the person is an official. The unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.

PROPOSED JURY INSTRUCTION NO.
FIRST AMENDMENT RETALIATION – DEFENDANTS' BURDEN OF PROOF

If you find that Plaintiff has met his burden of proof, then you must determine whether Defendant has shown by a preponderance of the evidence that Plaintiff would have been discharged from his employment, even if his speech on matters of public concern had not been considered, because of Plaintiff's attitude or behavior.

If Defendant shows, by a preponderance of the evidence, that Plaintiff would have been discharged in any event, then you should find for Defendant.

PROPOSED JURY INSTRUCTION NO.
RETALIATION- Title VII, THRA, - DEFENDANT

Plaintiff also alleges the Defendant, The City, fired him in retaliation for activities that are protected by Title VII and THRA. These laws make it unlawful for an employer to retaliate against an employee for opposing discrimination or complaining about discrimination. The purpose of anti-retaliation provisions of civil rights laws is to prevent employers from taking actions that are likely to deter employees from complaining about discrimination or seeking the protections of the laws that should protect their jobs. To prove retaliation, Plaintiff must show:

(1) that he engaged in protected activity;

(2) that he suffered an adverse employment action; and

(3) that because of Plaintiff's protected conduct, he suffered adverse employment actions.

Defendant does not dispute elements one and two, that Plaintiff engaged in protected activity or that he suffered an adverse employment action- termination. Therefore, whether the Plaintiff prevails on his retaliation claim depends on whether you find that because of Plaintiff's protected conduct he suffered adverse employment actions. More plainly put, would Defendant have terminated him or taken steps which led to his termination if Plaintiff has not engaged in protected activity. Plaintiff does not need to prove that he was discriminated against in order to prevail on his retaliation claim. Plaintiff need only show that he had a good faith belief that discrimination occurred when he engaged in the protected activity.

In deciding whether the adverse employment actions he suffered were because of his protected conduct, you may consider both direct evidence and indirect, or circumstantial, evidence.

If you determine that Plaintiff has proven each of the elements I have just described by a preponderance of the evidence, then you must find for Plaintiff on his retaliation claims. If you find that Plaintiff failed to prove these elements by a preponderance of the evidence, then you must find for Defendant on these claims.[7]

---

[7]**Authority:** O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil,* Vol. 3C § 171.25 (5th ed. 2001 and 2008 pocket part) (citing *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)).

PROPOSED JURY INSTRUCTION NO.
PROTECTED ACTIVITY

Protected activity is an employee's conduct in reporting or opposing, in good faith, any practice or conduct made unlawful by Title VII and/or the THRA. This element may be satisfied if a plaintiff shows that he reported or opposed conduct that he reasonably believed violated Title VII and/or the THRA.[8]

---

[8] **Authority**: *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000); *Mason v. Seaton*, 942 S.W.2d 470, 474 (Tenn. 1997).

PROPOSED JURY INSTRUCTION NO.
DIFFERENT TREATMENT OF SIMILARLY SITUATED INDIVIDUALS

As already discussed, Plaintiff must show by a preponderance of the evidence that his reporting unlawful conduct under Title VII and/or the THRA caused the adverse actions he suffered. One of the ways for Plaintiff to do so is by offering evidence that Defendant treated him differently than "similarly situated" employees who did not report or oppose alleged unlawful conduct.

For these comparisons to be legally sufficient, the person(s) to whom Plaintiff would compare himself must be "similarly situated." "Similarly situated" means that the individuals being compared must have dealt with the same supervisors or the same persons capable of making decisions regarding his employment; been subject to the same or similar work standards; and engaged in the same or similar conduct without such differentiating or mitigating circumstances that would distinguish their conduct or Defendant's treatment of them for it. Plaintiff does not have to demonstrate an exact correlation with the employees receiving more favorable treatment than her. The individuals being compared need only be similar in all of the relevant respects.

If Plaintiff shows by a preponderance of the evidence that he was treated differently than a similarly situated individual who did not complain, you may consider that evidence in your consideration of whether Plaintiff's reporting of alleged unlawful conduct was a motivating factor.[9]

---

[9] **Authority:** *McMillan v. Castro*, 405 F.3d 405, 413 (6th Cir. 2005) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992) and *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)); *Macy v. Hopkins County Sch. Bd. Educ.*, 484 F.3d 357, 370 (6th Cir. 2007); *Seay v. TVA*, 339 F.3d 454, 479 (6th Cir. 2003); *Perry v. McGinnis*, 209 F.3d 597, 601-02 (6th Cir. 2000).

PROPOSED JURY INSTRUCTION NO.
TIMING OF DECISION

In this case, Defendant took action against Plaintiff shortly after he engaged in protected conduct. The "temporal proximity," the timing of Defendant's decision, or closeness in time, between Plaintiff's conduct and Defendant's action, maybe considered as circumstantial evidence of Defendant's motive for taking action against Plaintiff.

The ultimate decision in this case depends on whether Plaintiff has shown by a preponderance of the evidence, that his protected activity was a motivating factor in Defendant's decision to take action against him. A causal connection between a protected act and an adverse employment action may be shown by pointing to the closeness in time between the acts complained of and the adverse employment action.[10]

You may also consider whether Plaintiff was subjected to increased scrutiny of his conduct and work performance after his protected conduct as circumstantial evidence of Defendant's motivation to take action against Plaintiff.[11]

---

[10] Arban v. West Publishing Corp., 345 F.3d 390, 402-03 (6th Cir. 2003); DiCarlo v. Potter, 358 F.3d 408, 421 (6th Cir. 2004); Little v. BP Exploration & Oil Co., 265 F.3d 357, 363-64 (6th Cir. 2001); Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000); Polk v. Yellow Freight System, Inc., 876 F.2d 527, 531 (6th Cir. 1989)

[11] Hamilton v. General Elec. Co., 556 F.3d 428, 435-36 (6th Cir. 2009).

PROPOSED JURY INSTRUCTION NO.
FMLA RIGHTS

The FMLA entitles eligible employees to take up to 12 weeks of leave per year to care for a serious health condition that makes the employee unable to perform the functions of his position. The law prohibits employers from interfering with, restraining, or denying the exercise of or attempt to exercise an employee's rights under the FMLA. The law prohibits employers from retaliating against employees who exercise or attempt to exercise their rights under the FMLA. Employers cannot use the taking of FMLA leave as a negative factor in disciplining or terminating an employee, nor can FMLA leave be counted against an employee under the employer's attendance policy.[12]

---

[12] **Authority:** Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, No. 5.80 (adapted); 29 U.S.C. §2614(a); 29 U.S.C. §2615(a); 29 C.F.R. §825.220.

PROPOSED JURY INSTRUCTION NO.
FMLA RETALIATION

Plaintiff has alleged that he has been retaliated against by Defendant because he exercised his rights under the Family and Medical Leave Act ("FMLA"). To prevail on his claim of retaliation, Plaintiff must prove, by a preponderance of the evidence, that:

1. Plaintiff took FMLA leave or otherwise exercised or attempted to exercise his rights under the FMLA;
2. Defendant disciplined Plaintiff; and
3. Plaintiff's act of taking FMLA leave or otherwise exercising or attempting to exercise his rights under the FMLA was a motivating factor in Defendant's decision to terminate Plaintiff.

In determining whether Plaintiff's request or use of FMLA leave was a motivating factor in Defendant's decision, it is not necessary that Plaintiff prove that his exercise of FMLA rights was the sole reason for the decision; the FMLA leave may just be a motivating reason. A motivating reason is a reason or desire that causes someone to take action.

If you determine that Plaintiff has proven each of these elements by a preponderance of the evidence, then you must find for Plaintiff on his FMLA retaliation claim. If you find that Plaintiff has failed to prove either of these elements by a preponderance of the evidence, then you must find for Defendant. [13]

---

[13] American Bar Association, Model Jury Instructions: Employment Litigation § 8.13 (2nd ed. 2005); Gibson v. City of Louisville, 336 F.3d 511, 514 (6th Cir. 2003); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, Vol. 3C § 179.20 (6th ed. 2014)(modified); 29 U.S.C. §2615(a); 29 C.F.R. §§825.216(a), 825.220; Cavin v. Honda of America Mfg, Inc., 346 F.3d 713, 726-27 (6th Cir. 2003); Skrjanc v. Great Lakes Power Service Co., 272 F.3d 309 (6th Cir. 2001).

PROPOSED JURY INSTRUCTION NO.
ADA Employment Claims—Introductory Instruction

In this case, the Plaintiff, La'Monn Harris, makes a claim based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the job. Terms such as "disability", "qualified individual" and "reasonable accommodations" are defined by the ADA and I will instruct you on the meaning of those terms.

Mr. Harris's claim under the ADA is that he was terminated by the Defendant because of his disability related to a wound infection from a brown recluse spider bite.

Defendant denies Mr. Harris's claims. Further, Defendant asserts that it was unable to accommodate his disability as requested by Mr. Harris.

As you listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA. So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean. [14]

---

[14] **Authority:** Third Circuit Model Jury Instructions, 9.0 (May 2016).

PROPOSED JURY INSTRUCTION NO.
TERMINATION BECAUSE OF DISABILITY

To prove a claim of discrimination under the ADA, Plaintiff must prove by a preponderance of the evidence the following:

1.     Mr. Harris was disabled, as defined by the ADA [Defendant does not contest this element];

2.     Mr. Harris was qualified to perform his job;

3.     Defendant terminated Mr. Harris because of his disability.[15]

---

[15] 42 U.S.C. § 12112(a). *Lewis v. Humbolt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012).

Under the ADA, Plaintiff was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without accommodation. You should only consider Mr. Harris's abilities at the time when Defendant placed him out of work.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Defendant has to do that kind of work, the degree of specialization the job requires, Defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held position.

A job description may be useful to consider, but you are not required to find Mr. Harris is not qualified for his job if testimony rebuts Defendant's written job description.[16]

---

[16] Seventh Circuit Model Jury Instruction 4.5 (2005) (modified). *Rorrer v. City of Stow,* 743 F.3d 1025, 1040 (6th Cir. 2014).

PROPOSED JURY INSTRUCTION NO.
REASONABLE ACCOMMODATION: GENERAL INSTRUCTION

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform his job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards. However, shifting marginal duties to other employees who can easily perform them is a reasonable accommodation. [17]

---

[17] **Authority:** Seventh Circuit Model Jury Instruction 4.6 (2005) (modified); *Rorrer,* 743 F.3d at 1044.

PROPOSED JURY INSTRUCTION NO.
ELEMENTS OF AN ADA CLAIM — REASONABLE ACCOMMODATION

In this case, Mr. Harris claims that Defendant failed to provide a reasonable accommodation for him. The ADA provides that an employer may not deny employment opportunities to a qualified individual with a disability if that denial is based on the need of the employer to make reasonable accommodations to that individual's disability.

To prevail on this claim, Mr. Harris must prove all of the following by a preponderance of the evidence:

First: Mr. Harris has a "disability" within the meaning of the ADA.

Second: Mr. Harris is a "qualified individual" able to perform the essential functions of his job.

Third: Defendant was informed of Mr. Harris's need for an accommodation due to his disability. [Note that there is no requirement that a request be made for a particular or specific accommodation; it is enough to satisfy this element that Defendant was informed of Mr. Harris's basic need for an accommodation. Further, a request for accommodation need not contain the magic word "accommodation"].

Fourth: Providing an accommodation to allow Mr. Harris to continue working with restriction would have been reasonable, meaning that the costs of that accommodation would not have clearly exceeded its benefits.

Fifth: Defendant failed to allow Mr. Harris to continue working with restrictions or any other reasonable accommodation.[18]

Defendant does not contest element 1.

---

[18] **Authority:** Third Circuit Model Jury Instructions, 9.0 (May 2016).

PROPOSED JURY INSTRUCTION NO.
DEFINITION OF "ESSENTIAL FUNCTION"

In determining whether Mr. Harris could perform the essential functions of his job, you should keep in mind that not all job functions are "essential." The term "essential functions" does not include the marginal functions of the position. Essential functions are a job's fundamental duties. In deciding whether functions are essential to a laborer position at the department of public works, some factors you may consider include the following:

1)  whether the performance a function is the reason that the job exists;

2) the amount of time spent on the job performing a particular function;

3) whether there are a limited number of employees perform the function;

4)  whether the function is highly specialized;

5) whether a public works laborer is hired for his or her expertise or ability;

6) Defendant's judgment about what functions are essential to a public works laborer job;

7) written job descriptions for a public works laborer;

8) the consequences of not requiring an employee to [describe function] in a satisfactory manner;

9) whether others who held the position of a public works laborer performed [describe function];

10) the testimony of co-worker's and supervisor's about the press assistant job; and

11) Mr. Harris's job performance before his termination.

No one factor is necessarily controlling.  You should consider all of the evidence in deciding whether a function is essential to a public works laborer.

In assessing whether Mr. Harris was qualified to perform the essential functions of a public works laborer job you should consider Mr. Harris's abilities as they existed at the time when he

was terminated. You may also consider whether Mr. Harris was successfully able to perform his job and under what circumstances he was able to do so.[19]

---

[19] **Authority:** Third Circuit Model Jury Instructions, 9.2.2 (May 2016) (modified); *Rorrer v. City of Stow,* 743 F.3d 1025, 1040 (6th Cir. 2014); *Camp v. Bi-Lo, LLC*, 2016 U.S. App. LEXIS 19053 *17.

PROPOSED JURY INSTRUCTION NO.
DUTY TO ENGAGE IN THE INTERACTIVE PROCESS

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee or, if necessary, with his doctor whether there is a reasonable accommodation that will permit him to perform the job. This interactive process is mandatory and both the employer and the employee/applicant must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed to award punitive damages. [20]

You may find that Defendant unlawfully failed to provide Mr. Harris with a reasonable accommodation if you find that Defendant failed to engage in this interactive process in good faith and that a reasonable accommodation would have been possible but for the employer's failure to engage in the interactive process. [21]

If you find that Defendant has failed to engage in the interactive process, Mr. Harris is entitled to relief on this basis if he proves that he could have been reasonably accommodated had the Defendant engaged in the interactive process in good faith. [22]

---

[20] Seventh Circuit Model Jury Instruction 4.3 (2005) (modified); *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir. 2007).

[21] *Breitfelder v. Leis*, 151 F. App'x 379, 386 (6th Cir. 2005) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 320 (3d Cir. 1999)); *Burress v. City of Franklin*, 809 F. Supp. 2d 795, 813 (M.D. Tenn. 2011) (citing *Lafata v. Church of Christ Home for the Aged*, 325 F. App'x 416, 422 (6th Cir. 2009))

[22] *EEOC v. Ford Motor Co*., 782 F.3d 753, 766 (6th Cir. 2015); *Arthur v. Am. Showa, Inc.,* 625 F. App'x 704, 711 (6th Cir. 2015); *Keith v. Cty. of Oakland*, 703 F.3d 918, 929 (6th Cir. 2013).

PROPOSED JURY INSTRUCTION NO.
ALTERNATIVE CLAIMS

In this case the Plaintiff has several different theories of liability. A Plaintiff is entitled to have alternative claims. For example, just because Plaintiff claims that retaliation under Title VII or the THRA was a determinative factor in his termination, as an alternative claim, that does not mean that you cannot conclude that his requests for accommodation under the ADA or FMLA also motivated his termination. Likewise, just because Plaintiff has alleged FMLA retaliation, does not mean that you cannot determine that the termination was also motivated by his complaints of race discrimination to the City Council.[23]

---

[23] *Belcher v. Service Corp., International*, 2009 WL 3747176, at *3 (E.D. Tenn. Nov. 4, 2009)(involving claims of age and gender discrimination).

PROPOSED JURY INSTRUCTION NO.
DAMAGES

The Plaintiff in this action has the burden of proving, by a preponderance of the evidence, that he in fact sustained damages and the amount of any such damages. The fact that we are giving you these instructions related to damages should not be considered as an indication that we believe that damages should be awarded. Instructions as to the measure of damages are given only for your guidance.

If you have found in favor of the Defendant on Plaintiff's claims, then you have completed your tasks and should not consider the issue of damages. If you find that Plaintiff is entitled to a verdict on any of his claims, then you may award only such damages he has proven by a preponderance of the evidence and only such damages as will reasonably compensate him for the loss you find he sustained, in keeping with these instructions.

You may not award damages based on sympathy, speculation, or guess work. The law does not require that Plaintiffs prove that amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[24]

---

[24] O'MALLEY, GRENIG & LEE, Federal Jury Practice & Instructions, §171.90.

PROPOSED JURY INSTRUCTION NO.

DAMAGES — BACK PAY

If you find that Defendant has violated Mr. Harris rights under the law, then you must determine the amount of damages that their actions have caused Mr. Harris. Mr. Harris has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Mr. Harris for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Mr. Harris would have received from the City had Mr. Harris not been terminated.

Back pay damages, if any, apply from the time Mr. Harris was placed out of work until the date of your verdict.[25]

---

[25] **Authority:** Third Circuit Model Jury Instructions, 9.4.3 (May 2016).

PROPOSED JURY INSTRUCTION NO.
AFFIRMATIVE DEFENSE- MITIGATION OF DAMAGES

Defendant has raised the defense that Plaintiff had a duty to make reasonable efforts to obtain other employment after his separation from his employment with it in order to mitigate his damages. The burden is on the Defendant to prove that Plaintiff failed to mitigate his damages. Defendant may satisfy its burden only if it establishes that: 1) there were substantially equivalent positions which were available; and 2) Plaintiff failed to use reasonable care and diligence in seeking such positions.[26]

---

[26] *United States v. City of Warren*, 138 F3d 1083, 1098 (6th Cir. 1998). *Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614 (6th Cir. 1983). *Jackson Hosp. Corp.,* 557 F.3d 301, 308 (6th Cir. 2009). *See, Kullings v. Grinders for Industry, Inc.,* 185 F. Supp.2d 800, 816-817 (W. D. Mich. 2002) ("When faced with a defense of failure to mitigate, plaintiff is entitled to introduce evidence that any failure to mitigate was attributable to the employer's discriminatory conduct, and not the employee's own actions").

PROPOSED JURY INSTRUCTION NO.
EMOTIONAL DISTRESS DAMAGES

If you find that Plaintiff was discriminated or retaliated against in violation of the law then you must determine an amount that you find by a preponderance of the evidence is fair compensation for his damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less. You may award damages for any pain, suffering or mental anguish that Plaintiff experienced as a consequence of Defendant's alleged discrimination and/or retaliation.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. You should consider the nature, character, and seriousness of any pain and suffering, inconvenience, or mental anguish the Plaintiff may have experienced, as well as the extent and duration or whether it required medical treatment. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[27]

---

[27] **Authority:** O`Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil,* Vol. 3 §§ 170.60 and 171.90 (5th ed. 2001)(modified).

PROPOSED JURY INSTRUCTION NO.
DAMAGES – FRONT PAY

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Mr. Harris would reasonably have earned from the City had he not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits [plaintiff] will receive from other employment during that time. Mr. Harris has the burden of proving these damages by a preponderance of the evidence.

An estimate for front pay may be obtained by multiplying the employee's present salary by the number of years the employee expected to work. However, even though Mr. Harris has a duty to mitigate, the Defendant carries the burden of establishing that damages were lessened or might have been lessened by the Plaintiff. [28]

---

[28] **Authority:** Third Circuit Model Jury Instructions, 9.4.4 (May 2016) (modified); *Jackson v. City of Cookeville*, 31 F.3d 1354, 1361 (6th Cir. 1994).

PROPOSED JURY INSTRUCTION NO.
DAMAGES — NOMINAL DAMAGES

If you return a verdict for Mr. Harris, but he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**III. General Rules**

PROPOSED JURY INSTRUCTION NO.
EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. My legal rulings are not evidence. And my comments and questions are not evidence. The opening and closing statements are not evidence. Questions asked by the lawyers of witnesses are not evidence.

During the trial I did not let you hear the answers to some of the questions that were asked. You must completely ignore those questions. Do not even think about them. Do not speculate about what a witness might have said. They are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

PROPOSED JURY INSTRUCTION NO.
CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In your consideration of the evidence in the case, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. That is, you may make deductions and reach conclusions which reason and commons sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Some evidence is admitted for a limited purpose only. If I instructed you that an item of evidence has been admitted for a limited purpose, then you must consider it only for that limited purpose and for no other.[29]

---

[29] **Authority**: Sixth Circuit Pattern Jury Instructions § 1.05; Judge Sharp's Sample Civil Jury Charge, p. 6, V.(4), Evidence for a Limited Purpose.

PROPOSED JURY INSTRUCTION NO.
DIRECT AND CIRCUMSTANTIAL EVIDENCE

I now want to explain the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Likewise, if a business record states a fact, that would be direct evidence the fact occurred.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one. Neither does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.[30]

---

[30] **Authority:** Sixth Circuit Pattern Jury Instructions § 1.06.

PROPOSED JURY INSTRUCTION NO.
EVIDENCE FOR A LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. If I instructed you that an item of evidence has been admitted for a limited purpose, then you must consider it only for that limited purpose and for no other.

PROPOSED JURY INSTRUCTION NO.
DEPOSITIONS - USE AS EVIDENCE

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn, recorded answers to questions asked of the witness, in advance of the trial, by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand, may be presented in writing or on a video recording under oath.

Such testimony is entitled to the same consideration, and is to be judged as to credibility, weighed and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present and had testified from the witness stand.

PROPOSED JURY INSTRUCTION NO.
CREDIBILITY OF WITNESS

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to that witness' testimony. In weighing the testimony of a witness, you should consider the circumstances under which each witness has testified. Consider the witness' manner of testifying and the opportunity to observe or acquire knowledge concerning the facts about which the witness testified. Consider the witness' candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. Consider also any relationship which the witness may have to the Plaintiff or the Defendant; how the witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness should be discredited. Failure of recollection is a common experience, and innocent misrecollection is not uncommon. It is also possible that two persons witnessing an incident or a transaction may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.[31]

---

[31] **Authority:** Sixth Circuit Pattern Jury Instructions § 1.07**;** Judge Sharp's Sample Civil Jury Charge, p. 7-8, V.(6), Credibility of Witness.

PROPOSED JURY INSTRUCTION NO.
EQUAL TREATMENT OF GOVERNMENTAL ENTITIES

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A governmental entity is entitled to the same fair trial at your hand as a private individual such as Plaintiff. All persons, including the Defendant in this case, stand equal before the law, and are to be dealt with as equals in a court of justice.

A governmental entity can act only through its officers, its employees, or other agents. Any act or omission of an officer, an employee, or other agent of such governmental entity in the performance of his or her duties, is held in the law to be the act or omission of the governmental entity.[32]

---

[32] *Heriges v. Wilson Co.*, United States District Court for the Middle District of Tennessee, Case No. 3:09-cv-362, Docket Entry 83.

PROPOSED JURY INSTRUCTION NO.
JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence you saw and heard during the trial.  Deciding what the facts are is your job and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law I give you, apply it to the facts, and decide if Plaintiff proved that Defendants are liable by a preponderance of the evidence. You are bound to follow the law and instructions that I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.  You must decide the case solely on the evidence before you and according to the law given to you.[33]

---

[33] Sixth Circuit Pattern Jury Instructions § 1.02 – Jurors' Duties (modified); see T.P.I. — CIVIL 15.01 (2006).

PROPOSED JURY INSTRUCTION NO.
DELIBERATIONS NOT BASED ON SYMPATHY

Circumstances in the case may arouse sympathy for one party or the other.  For example, a witness may express strong emotions on the witness stand, such as crying.  The law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

You must not be influenced by any consideration of sympathy or prejudice.  It is your duty to weigh the evidence, to decide the disputed questions of fact, to apply the instructions of law to your findings and to render your verdicts accordingly.  Your duty as jurors is to arrive at a fair and just verdict.[34]

---

[34] See T.P.I. – Civil 15.01; see also Sixth Circuit Pattern Jury Instructions § 1.02 – Jurors' Duties.

PROPOSED JURY INSTRUCTION NO.
LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think something is not permitted by the rules of evidence. Those rules are designed to make sure both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in Court.

Remember also that any statements, objections or arguments made by the lawyers are not evidence in the case. Lawyers try to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.

[35]

---

[35] Judge Sharp Pattern Jury Instructions.

PROPOSED JURY INSTRUCTION NO.
DUTY TO DELIBERATE/ UNANIMOUS VERDICT

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

The verdict you return to the Court must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to each answer. Your verdict must be unanimous.

It is your duty to consult with one another and to reach an agreement. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should, therefore, feel free to speak your minds.[36]

---

[36] T.P.I. – Civil 15.17 (modified); see Sixth Circuit Pattern Jury Instructions § 8.04 – Duty to Deliberate

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY certify that a copy of the foregoing has been filed this 4th day of August, 2017 by electronic mail to counsel of record: El'Shon Richmond, Farrar & Bates, LLP, 211 Seventh Ave., N, Suite 500, Nashville, TN 37219, elshon.richmond@farrar-bates.com.


  */s/ Heather Moore Collins*
Heather Moore Collins